IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRUCE MCGRONE,<br><br>            Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF CORRECTIONS STATE OF NEBRASKA, (WARDEN) STATE OF NEBRASKA DIAGNOSTIC EVALUATION CENTER (FACILITY), and SORENSON, C.O. Corporal (Employed at Nebraska Diagnostic & Evaluation Facility);<br><br>            Defendants. | 8:17CV222<br><br>MEMORANDUM AND ORDER |

Plaintiff filed a Complaint on June 26, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is a prisoner currently confined at the Douglas County Correctional Center in Omaha, Nebraska. He brings this action pursuant to 42 U.S.C. § 1983 against the Nebraska Department of Correctional Services, the warden of the Diagnostic and Evaluation Center ("DEC"), and corrections officer Corporal Sorenson. He seeks only monetary damages. (Filing No. 1 at CM/ECF pp. 1-2, 7.)

On September 3, 2016, a Caucasion inmate attacked Plaintiff, an African-American, with a razor blade at DEC. Plaintiff alleges that, although Corporal

Sorenson ordered both inmates to stop fighting, he focused on Plaintiff when he called Plaintiff a "black-ass nigger" and sprayed him "excessively" with pepper spray. Corporal Sorenson is Caucasion. Plaintiff further contends that Corporal Sorenson lied in his written report and during a subsequent disciplinary hearing when he stated that he did not see the other inmate with a weapon. Plaintiff alleges that video surveillance, viewed by the disciplinary board, shows Corporal Sorenson threw away the weapon after he found it on the upper deck floor. According to Plaintiff, Corporal Sorenson threw away the weapon to justify his use of force against Plaintiff. The disciplinary board found Plaintiff not guilty because Plaintiff was not the aggressor in the fight between himself and the other inmate. (*Id*. at CM/ECF pp. 3-7.)

## II. APPLICABLE STANDARDS OF REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or

grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Plaintiff did not specify the capacity in which the individual defendants are sued. Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983

3

that seek equitable relief from state employee defendants acting in their official capacity.

Plaintiff sues the Nebraska Department of Correctional Services and two state employees and seeks only monetary relief against them. The Eleventh Amendment bars his claims against them in their official capacities. Plaintiff's claims for monetary relief against Defendants in their official capacities must be dismissed.

On its own motion, the court will grant Plaintiff leave to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this action without further notice to Plaintiff.

Plaintiff should note that his allegations against anyone other than Corporal Sorenson also fail at this juncture because he alleges no other individual's personal involvement in the alleged constitutional violations. *See Krych v. Hvass*, 83 F. Appx. 854, 855 (8th Cir. 2003) (unpublished) (finding merely listing individuals as defendants in a complaint and not alleging personal involvement in the constitutional violations insufficient to state a claim); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (finding that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability).

Plaintiff should also note that the relief recoverable for any constitutional violation is limited. The Prison Litigation and Reform Act prohibits a prisoner from receiving compensatory damages for mental or emotional distress if the plaintiff does not allege a physical injury. *See* 42 U.S.C. § 1997e(e). Plaintiff does not allege that he suffered any physical injury from the pepper spray. If Plaintiff did not suffer any physical injury from the pepper spray, then he cannot recover compensatory damages. He will be limited to recovering nominal and punitive damages against any defendants in their individual capacities. *See Royal v.*

*Kautzky*, 375 F.3d 720 (8th Cir. 2004) (finding that nominal, punitive, injunctive, and declaratory relief are still available under the Prison Litigation Reform Act to a prisoner who does not sustain a physical injury).[1]

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims for monetary relief against the Nebraska Department of Corrections and all other Defendants in their official capacities are dismissed as barred by the Eleventh Amendment.

2. Plaintiff shall file an amended complaint by **September 11, 2017**, that states upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3. The clerk of the court is directed to set a pro se case management deadline using the following text: **September 11, 2017:** check for Amended Complaint.

Dated this 11th day of August, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[1] Any claims for injunctive or declaratory relief would be moot because Plaintiff is no longer confined at DEC. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (inmate's claims for declaratory and injunctive relief moot when he was transferred to another facility).