IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRUCE MCGRONE,<br><br>              Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF CORRECTIONS STATE OF NEBRASKA, (WARDEN) STATE OF NEBRASKA DIAGNOSTIC EVALUATION CENTER (FACILITY), SORENSON, C.O. Corporal (Employed at Nebraska Diagnostic & Evaluation Facility); and THE STATE OF NEBRASKA,<br><br>              Defendants. | 8:17CV222<br><br><br>**MEMORANDUM<br>AND ORDER** |

      This matter is before the court on review of Plaintiff's Amended Complaint. ([Filing No. 12](#).) On August 11, 2017, the court conducted an initial review of Plaintiff's Complaint ([Filing No. 1](#)) and found that Plaintiff failed to state any claims upon which relief may be granted. ([Filing No. 11](#)). Specifically, because Plaintiff failed to specify whether he is suing the warden of the Diagnostic and Evaluation Center ("DEC") and corrections officer Corporal Sorenson in their official or individual capacities, the court presumed they are sued in their official capacities only. (*[Id.](#)* at CM/ECF p.3.) Accordingly, the court determined that Plaintiff's claims for damages against the Nebraska Department of Corrections and Nebraska state employees in their official capacities are precluded by the Eleventh Amendment. (*[Id.](#)* at CM/ECF p.4.)

      The court ordered Plaintiff to file an amended complaint that states a claim upon which relief may be granted. (*[Id.](#)* at CM/ECF p. 5.) Plaintiff filed an Amended Complaint on September 6, 2017. ([Filing No. 12](#).) In his Amended

Complaint, Plaintiff again fails to specify whether he is suing the individual defendants in their official or individual capacities. Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). The Eleventh Amendment does not prevent a plaintiff from seeking damages from a state employee if he sues the employee in his individual capacity, but a plaintiff must specify in his complaint that the state employee is being sued in his or her individual capacity. *Egerdahl*, 72 F.3d at 619 (citing *Nix v. Norman*, 879 F.2d 429 (8th Cir. 1989)).

Because Plaintiff sues the State of Nebraska, the Nebraska Department of Correctional Services, and two state employees in their official capacities for monetary relief, the Eleventh Amendment bars his claims. Plaintiff has failed to correct the deficiencies identified in the court's initial review of his Complaint. For the same reasons discussed in the court's August 11, 2017 Order (Filing No. 11), Plaintiff's Amended Complaint fails to state a claim for relief, and the court will dismiss this case without prejudice to reassertion.

IT IS THEREFORE ORDERED that: This matter is dismissed without prejudice. Plaintiff's official capacity claims against Defendants are dismissed for the reasons set forth here and in this court's order dated August 11, 2017. (Filing No. 11.) A separate Judgment will be entered in accordance with this Memorandum and Order.

Dated this 23rd day of October, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge